UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN DESHAUN JONES, | No. 2:22-cv-1890 DB P |
| Plaintiff, | |
| v. | ORDER |
| R. MAYR, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed this action under 42 U.S.C. §1983. Before the court are plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis. Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. For the reasons set forth below, this court finds plaintiff states no cognizable claims for relief and will grant plaintiff leave to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). By separate order, the court will direct

1

1   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
2   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments
3   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
4   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
5   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
6   §1915(b)(2).

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  The court must dismiss a complaint or portion thereof if the party has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II. Discussion**

Plaintiff is incarcerated at Salinas Valley State Prison. He complains of conduct that occurred at California State Prison, Sacramento in April 2022. Plaintiff alleges that as he was waiting to enter his cell block, defendant R. Mayr, a correctional officer, stepped on his foot while he grabbed plaintiff's identification badge. Plaintiff states that he experienced pain in his toes as a result.

Plaintiff's allegations are insufficient to state a claim that defendant used excessive force in violation of the Eighth Amendment. To state an excessive force claim, plaintiff must allege facts showing defendant applied force "maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). A minimal use of force does not violate the Constitution. Nor does force that is applied inadvertently and negligently. Rather, plaintiff must show that defendant used the force to cause him harm and not as a legitimate way to maintain order. Plaintiff's current allegations are insufficient to show defendant acted with a malicious and sadistic state of mind.

For these reasons, plaintiff fails to state a claim for relief under § 1983. Plaintiff will be given an opportunity to amend the complaint.

In an amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify defendant and the action defendant took that violated plaintiff's constitutional rights.

Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules require a simple description of a party's claims. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: November 22, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/
DB prisoner inbox/civil rights/S/jone1890.scrn lta